**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

ADRIANO J. GRULLON,                                           Case No.

                              Plaintiffs,                     **COMPLAINT**

         -against-

                                                              **Jury Trial Demanded**

JUSTIN PHARMACY INC.
and BINU BABY,

                              Defendants.
-----------------------------------------------------------X

        Plaintiff Adriano J. Grullon ("Grullon") (collectively, "Plaintiff") allege against

Defendant Justin Pharmacy Inc. ("JPI") and Binu Baby ("Baby") (collectively, "Defendants")

upon information and belief, as follows:

## NATURE OF THE CLAIMS

1.  Plaintiff Grullon was employed by Defendant Justin Pharmacy Inc. ("JPI"), a pharmacy
    owned by Defendant Binu Baby ("Baby"). While working at JPI, Defendants failed to
    pay Plaintiff as required by law. Throughout Plaintiff Grullon's employment at JPI, he
    consistently worked in excess of 40 hours per week, but Defendants never paid his time -
    and-one-half for those hours. Furthermore, Defendants paid Plaintiff Grullon on an
    hourly basis, which was less than the minimum wage required by New York Law.

2.  Plaintiff Grullon alleges, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C.
    §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid
    minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and
    costs.

3. Plaintiff Grullon further alleges that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) statutory penalties for wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district and because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. That at all times hereinafter mentioned, Plaintiff Grullon was and is a resident of New York, New York.

8. That at all times hereinafter mentioned, Defendant JPI was and is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 3860 Broadway, New York, NY 10032.

9. Upon information and belief, at all times relevant times, Defendant JPI has been a business or enterprise engaged in interstate within the meaning of the FLSA in that it (i)has had employees commerce or in the production of goods for commerce, or who handle, sell or otherwise work on good or materials that have been moved in or produced

for commerce by any person; and (ii)has had an annual gross volume of sales of not less than $500,000.00.

10. That at all times hereinafter mentioned, Defendant Baby, upon information and belief, was and is a resident of the State of New York.

11. That at all times hereinafter mentioned, Defendant Baby was and is the Owner of Defendant JPI.

12. That at all times hereinafter mentioned, Defendant Baby exercised control over the employment terms and conditions of the Plaintiff.

13. That at all times hereinafter mentioned, Defendant Baby had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff.

14. That at all times hereinafter mentioned, employees could complain to Defendant Baby directly regarding any of the terms of their employment, and Defendant Baby would have the authority to effect any changes to the quality and terms of employees' employment.

15. That at all times herein relevant, Defendant Baby exercised functional control over the business and financial operations of Defendant JPI.

16. That at all times herein relevant, Defendant Baby is an employer within the meaning of the FLSA and the New York Labor Law.

17. That at all times herein relevant, the acts of Defendant JPI in this Complaint were authorized, directed or accomplished by Defendant Baby individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of Defendant JPI.

18. That all times herein relevant, Defendant Baby is personally and jointly and severally liable for the violations of the FLSA and NYLL by Defendant JPI.

19. At all relevant times, Defendant JPI was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

20. At all relevant times, the work performed by the Plaintiff was directly essential to the business operated by Defendant JPI.

## FACTUAL ALLEGATIONS

Wage and Hour Violations

21. That at all times herein relevant, on October 16, 2013, Plaintiff Grullon commenced his employment with Defendant JPI.

22. That at all times herein relevant, Plaintiff Grullon worked for Defendant JPI at the premises more commonly known or referred to as 3860 Broadway, New York, NY 10032.

23. That at all times herein relevant, Plaintiff Grullon worked for Defendant JPI as a Laborer.

24. That at all times herein relevant, Plaintiff Grullon's job and responsibilities included but were not limited to: cleaning the pharmacy, operating the lotto machine, assisting the pharmacists, working in the compound lab, deliveries and pickups, organizing storage space and placing orders.

25. That at all times herein relevant, Plaintiff Grullon satisfactorily performed his duties and responsibilities and his work performance as above average.

26. That at all times herein relevant, Plaintiff Grullon was a non-exempt employee of Defendant JPI.

27. That at all times herein relevant, Plaintiff Grullon worked consistently five (5) to six (6) days per week for approximately 10 hours per day at Defendant JPI.

28. That at all times herein relevant, during Plaintiff Grullon's employment with Defendant JPI, Plaintiff worked in excess of forty (40) hours per week.

29.  That at all times herein relevant, from October 16, 2013 to June 2015, Plaintiff Grullon would work at Defendant JPI from approximately 9:00 a.m. to 7:00 p.m., from Monday to Saturday.

30. That at all times herein relevant, from June 2015 to October 2016, Plaintiff Grullon would work at Defendant JPI from approximately 9:00 a.m. to 7:00 p.m., from Monday to Friday.

31. That at all times herein relevant, from October 2016 to April 2018, Plaintiff Grullon would work at Defendant JPI from approximately 9:00 a.m. to 6:00 p.m., from Monday to Friday.

32. That at all times herein relevant, Defendant JPI paid Plaintiff Grullon by check.

33. That at all times herein relevant, Defendant JPI failed to provide Plaintiff Grullon with a wage notice or wage statements upon his hire or at any point during his employment.

34. That at all times herein relevant, Defendant JPI failed to pay Plaintiff Grullon at the required minimum wage rate from 2013 to 2018.

35. That at all times herein relevant, although Plaintiff JPI worked over forty hours per week, Defendant JPI failed to pay Plaintiff at the required overtime premium rate.

36. That at all times herein relevant, Plaintiff was denied sick days and vacation days.

37. That at all times herein relevant, Defendants never provided Plaintiff  with any policies regarding his rights under the wage and hour laws. Upon information and belief,

Defendant JPI did not have written policies regarding any of these subjects during the period of Plaintiff Grullon's employment.

38. Plaintiff continuously complained to the Defendant about his unpaid wages to no avail.

39. In or about April 2018, Plaintiff was constructively terminated from his employment at Defendant JPI.

40. Defendants knowingly and willfully operated their business with a policy of not paying the proper minimum wage.

41. Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiffs.

42. Defendants failed to provide Plaintiff with accurate IRS Forms W-2 for all of the tax years during which he was employed by Defendants.

43. Defendants failed to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the work performed during the course of employment with the Defendants.

44. Defendants failed to properly report Plaintiff's income and withhold amounts listed on W-2 forms as monies withheld.

45. Defendants' actions and conduct were intentional and intended to harm the Plaintiff.

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails.

47. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

48. As Defendants' conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount, which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### (FLSA – Minimum Wage)

49. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

50. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff to suffer loss of wages and interest thereon.  Therefore, Plaintiff is entitled to recover from Defendants his full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Minimum Wage)

53. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

54. Defendants willfully violated Plaintiff's rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

55. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff to suffer
loss of wages and interest thereon.  Therefore, Plaintiff is entitled to recover from
Defendants his full unpaid minimum wages, damages for unreasonably delayed payment
of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of
the action pursuant to NYLL § 663(1) *et seq.*

**THIRD CAUSE OF ACTION**
**(FLSA – Unpaid Overtime)**

56. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully
set forth herein.

57. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular
rate of pay for work performed in excess of 40 hours per week, Defendants have violated
and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§
207(a)(1) and 215(a)(2).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the
meaning of 29 U.S.C. § 255(a).

59. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest
thereon.  Plaintiff is entitled to recover from Defendants his unpaid overtime premium
compensation, damages for unreasonably delayed payment of wages, liquidated damages,
reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29
U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

60. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

61. Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

62. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon. Plaintiffis entitled to recover from the Defendantshis unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq.*

## FIFTH CAUSE OF ACTION
### (NYLL – Wage Theft Prevention Act)

63. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

64. Defendants violated NYLL § 195(1) by failing to furnish Plaintiff at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable) with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer and anything otherwise required by law.

65. Due to Defendants' violations of NYLL § 195(1), Plaintiff is entitled to statutory

penalties of $50.00 for each workday that Defendants failed to provide wage notices, up

to a maximum of $5,000, reasonable attorneys' fees, costs and injunctive and declaratory

relief, as provided by NYLL § 198(1-b),

66. Defendants have willfully failed to supply the Plaintiff with an accurate statement of

wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by

that payment of wages; name of employee; name of employer; address and phone number

of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day

week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and

overtime rate or rates of pay if applicable; the number of hours worked, including

overtime hours worked if applicable; deduction; and net wages.

67. Due to the Defendants' violation of  NYLL§ 195(3) , the Plaintiff is entitled to statutory

penalties of $250.00 for each workweek that Defendants failed to provide him with

accurate wage statements, or a total of $5,000, reasonable attorneys' fees, costs and

injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**
**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS**
**UNDER 26 U.S.C. §7434(a)**

68. Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

69. By failing to provide Plaintiff with accurate IRS Forms W-2 for all of the tax

years during which he was employed by Defendants, and failing to properly record,

account for, and report to the IRS all monies paid to Plaintiff as compensation for all of

the work performed during the course of employment with the Defendants, and failing

to properly report employee income and withhold amounts listed on W-2 forms as

monies withheld, Defendants filed fraudulent information returns with the IRS, in

violation of 26 U.S.C. §7434.

70. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent

information return with respect to payments purported to be made to any other person,

such person may bring a civil action for damages against the person so filing such

return." 26 U.S.C. § 7434(a).

**SEVENTH CAUSE OF ACTION**
**NYLL RETALIATION**

71. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

72. Plaintiff was an employee of Defendants within the meaning of the NYLL.

73. Defendants are employers within the meaning of the NYLL.

74. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of

any corporation, partnership, or limited liability company…shall discharge, threaten,

penalize or in any other manner discriminate or retaliate against any employee (i) because

such employee has made a complaint to his or her employer…or his or her authorized

representative…that the employer has engaged in conduct that the employee, reasonably

and in good faith, believes violates any provision of this chapter…[or] (iii) because such

employee has caused to be instituted or is about to institute a proceeding under or related

to this chapter…or (v) because such employee has otherwise exercised rights protected

under this chapter…"

75. While employed by the Defendants, Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages and misclassifying him as an independent contractor.

76. Plaintiff's complaints to Defendants constituted a protected activity under NYLL § 215.

77. A causal connection exists between Plaintiff's complaints of improper pay practices and misclassification, and Defendants' decision to terminate his employment.

78. Defendants violated NYLL § 215 by retaliating against Plaintiff by terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures and misclassification as an independent contractor.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffrespectfully request that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B. An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

C. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

D. An award of damages for as a result of Defendants' failure to provide a wage notice upon Plaintiffs' hire and wage statements pursuant to the NYLL, Wage Theft Prevention Act and supporting regulations;

E. An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours pay pursuant to the FLSA and NYLL;

F.  Declaring that Defendants retaliated against Plaintiff by terminating his employment due to his complaints of unlawful pay practices, policies and procedures and misclassification as an independent contractor and awarding Plaintiff a recovery for damages sustained;

G.  Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages, overtime pay, and benefits resulting from Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

H.  Declaring that the Defendants violated the provisions of 26 U.S.C. §7434;

I.  Enjoining future violations of the FLSA and NYLL by Defendants;

J.  Declaring that Defendants' violations of the FLSA and NYLL are willful;

K.  Awarding Plaintiff punitive damages;

L.  An award of prejudgment and post-judgment interest;

M.  An award of costs and expenses of this action together with reasonable attorneys' fees; and

N.  Such other relief this Court deems just and proper.


## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.


Dated: August 5, 2020
          New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Leopold Raic*

_____

Leopold Raic (LR 4202)
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Counsel for Plaintiff*