```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADRIANO J. GRULLON,                                               :
                                                                  :
                        Plaintiff,                                :
                                                                  :
        -against-                                                 :    20-cv-6122 (KPF)(OTW)
                                      Insert text here            :
JUSTIN PHARMACY INC. and BINU BABY,                               :
                                                                  :
                        Defendants.                               :
------------------------------------------------------------------X
```

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Adriano J. Grullon (hereinafter referred to as "Plaintiff" or "Releasor"), and Justin Pharmacy Inc. and each of its parent companies and any of its subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Binu Baby (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiff and Defendants are referred to herein as the "Parties").

WHEREAS, on August 6, 2020, Plaintiff filed suit for damages titled *Adriano J. Grullon v. Justin Pharmacy Inc. et ano.*, 20-cv-6122 in the United States District Court for the Southern District of New York (hereinafter referred to as the "Action"), alleging claims for, among other things, unpaid overtime wages under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, Defendants have contested the claims set forth in the Action and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Action, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

A. **Consideration**

1. In exchange for the promises contained in this Agreement, Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($22,500.00) (the "Settlement Sum"), to be allocated as follows: (a) Fourteen Thousand Four Hundred Seventy Five Dollars and Zero Cents ($14,475.00) to Plaintiff; and (b) Eight Thousand Two Hundred Twenty Five Dollars ($8,225.00) to Akin Law Group PLLC for attorneys' fees and costs.

2. Defendants shall pay the Settlement Sum in installments by delivering:

   a. Payment of $11,000 by December 31, 2020 allocated as follows:

      i. $11,000.00 to Plaintiff.

   b. Payment of $5,750 by January 29, 2021 allocated as follows:

      i. $3,475.00 to Plaintiff

      ii. $2,275.00 to Akin Law Group PLLC;

   c. Payment of $5,750 by February 26, 2021 allocated as follows:

      i. $5,750 to Akin Law Group PLLC.

3. Prior to Defendants' obligation to remit payment of the Settlement Sum, Defendants' counsel must first receive possession of the following: (i) a completed IRS Form W-9 by Plaintiff; (ii) a completed IRS Form W-9 by Plaintiff's counsel; (iii) an executed copy of this Agreement; and (iv) confirmation that the Action has been discontinued and/or dismissed.

4. The Settlement Sum shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. Payments of the Settlement Sum as established in Section A(2) of this Agreement shall be delivered to Akin Law Group PLLC, 45 Broadway #1420, New York, NY 10006.

5. The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, Plaintiff shall be solely and completely responsible for his taxes, interest or penalties. Plaintiff understands and agrees that no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.

6. Plaintiff agrees to indemnify Defendants and to hold Defendants harmless for Plaintiff's share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement.

**B.     Mutual General Release**

1. **By Plaintiff:** In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency

of which is hereby acknowledged, except for the Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges, on his own behalf and on behalf of anyone who could claim by and through him (collectively, "Releasors"), Defendants (collectively, "Releasees") of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, and other damages, interest, attorneys' fees, and costs, for any claim brought, or that could have been brought, under the Fair Labor Standards Act ("FLSA"), and/or any local, state, or federal wage statute, code, or ordinance, including, but not limited to, claims under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), the Reconstruction Era Civil Rights Act, as amended, 42 U.S.C §§ 1981 et seq. ("Civil Rights Act"), the Civil Rights Act of 1991, as amended, 42 U.S.C. §§ 1981a et seq. ("CRA of 1991"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), the Equal Pay Act of 1963, the Older Workers' Benefit Protection Act of 1990, the Worker Adjustment and Retraining Notification Act of 1988, the New York State Human Rights Law, the New York Civil Rights Law, the New York State Insurance Law, the New York Labor Law, the New York City Human Rights Law, any of the statutes or common law causes of action of the State of New York or any other state, the New York Constitution, the United States Constitution and/or any and all other federal, state, or local statutes, laws, rules, and regulations pertaining to employment, as well as any and all claims under state contract or tort law, which were or could have been alleged by Plaintiff in the

4

Pending Action, accruing through the date of this Agreement, and (2) any and all claims, charges, actions, and causes of action of any kind or nature that Plaintiff once had or now have, whether arising out of Plaintiff's employment with Defendants, or otherwise. Nothing in this Agreement shall be deemed to waive any right Plaintiff may have to file any claim with any administrative agency where such claim can be filed. However, notwithstanding any such right to file a claim, Plaintiff shall not recover any monetary damages and shall not be entitled to any individual relief on his behalf as a result of filing said claim.

2. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiff signs this Agreement, or (b) Plaintiff's right to enforce the terms of this Agreement.

3. **By Defendants:** Defendants release Plaintiff, including his successors, heirs, executors, assigns, representatives, and administrators, from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants, individually and collectively, once had or now have arising out of Plaintiff's employment with Defendants or otherwise, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of this Agreement.

D. **Agreement To Refrain From Filing Claims**

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the Action released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

E. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

F. **Representations and Acknowledgements**

1. Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:

    (a) He has reviewed each and every provision of this Agreement;

    (b) The Agreement has been explained to him by his attorneys; and

    (c) He does in fact fully understand this Agreement, including the release of claims.

2. Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3. Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

G. **Non-Admissions**

1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Action have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

H. **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings a motion or action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

### I. Complete Agreement

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

### J. Additional Terms

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

**WHEREFORE,** the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____*[signature]*_____
    Adriano J. Grullon

Dated: __November 12__, 2020

By: _____
    Binu Baby

Dated: _____, 2020

Justin Pharmacy Inc.

By: _____

_____
[Print Name and Title]

Dated: _____, 2020

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
   Adriano J. Grullon

Dated: _____, 2020

By: _____
   Binu Baby

Dated: 11/10, 2020

   Justin Pharmacy Inc.
By: BINU BABY
   PRESIDENT
   [Print Name and Title]

Dated: 11/10, 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ADRIANO J. GRULLON,

            Plaintiff,

  -against-                                        20-cv-6122 (KPF)(OTW)

JUSTIN PHARMACY INC. and BINU BABY,

            Defendants.
----------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on August 6, 2020, Plaintiff filed a Complaint asserting claims for, *inter alia*, failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law §190 *et seq.* ("NYLL");

**WHEREAS,** Plaintiff and Defendants (the "Parties") reached a settlement of this action and Plaintiff's claims through arms-length negotiations, and have entered into a Settlement Agreement and Mutual General Release (the "Agreement"), formally memorializing the Parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the NYLL, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. A copy of the signatures on this Stipulation serve the same purposes as an original signature.

Dated:   New York, New York
         ~~October~~ November 12, 2020

| **AKIN LAW GROUP PLLC** | **PECHMAN LAW GROUP PLLC** |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

By: _____          By: _____

Robert Salaman, Esq.                Louis Pechman, Esq.
45 Broadway #1420                   Laura Rodriguez, Esq.
New York, NY 10006                  488 Madison Avenue, 17th Floor
Tel.: (646)-817-8084                New York, NY 10022
                                    Tel.: (212) 583–9500

SO ORDERED.

_____

11