UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ADRIANO J. GRULLON,                :

              Plaintiff,                :      20-CV-6122 (OTW)

     -against-                :      **OPINION & ORDER**

JUSTIN PHARMACY INC., et al.       :

             Defendants.          :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

Plaintiff Adriano J. Grullon brings this action against his former employers Defendants Justin Pharmacy Inc. (the "Pharmacy") and Binu Baby, the owner of the Pharmacy. Plaintiff alleges Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL") claims as well as a claim for fraudulent filing of information returns under 26 U.S.C. 7434(a) against Defendants. Compl. ¶¶ 49-78. Plaintiff alleges that Defendants failed to pay him overtime, despite working over 40 hours a week, and failed to provide him with a statutory wage notice. The parties submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 15-1). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 14). For the reasons below, the Court **APPROVES** the settlement (ECF 15-1).

I.    Background

Defendants employed Plaintiff as a laborer from approximately October 2013 to his termination in April 2018. Compl. ¶¶ 21-23, 31. Plaintiff's responsibilities included "cleaning the pharmacy, operating the lotto machine, assisting the pharmacists, working in the compound

lab, deliveries and pickups, organizing storage and placing orders." Compl. ¶ 24. Plaintiff alleges that he worked in excess of forty hours per week, but Defendants did not pay him the required minimum wage rate nor overtime rates. Comp. ¶¶ 28, 34, 35. Plaintiff further alleges that the Pharmacy never provided him with "wage notice or wage statements upon his hire or at any point during his employment" and denied him sick and vacation days. Compl. ¶¶ 33, 36. Defendants did not properly report Plaintiff's income and withholdings on Plaintiff's tax forms. Compl. ¶ 44.

Plaintiff filed his complaint on August 5, 2020. (ECF 1). Judge Failla referred the parties to mediation on September 2, 2020, and the parties appeared for a court-ordered mediation on November 2, 2020. (ECF 9).

## II. Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges a maximum recovery under the FLSA to be approximately $22,000. (ECF 15 at 4). Defendants believe that Plaintiff is owed approximately $6,500. (ECF 15 at 4). The proposed settlement amount is $22,500. (ECF 15 at 4). Of the total settlement amount, Plaintiff would receive $14,475 and Plaintiffs' counsel would receive $8,025 for attorneys' fees and costs.[1] (ECF 15 at 4, ECF 15-1 at 2). Plaintiff's settlement amount thus represents approximately 64.3% of Plaintiff's alleged maximum.[2] Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the factual disputes present in this case present them with risks were they to proceed with litigation. (ECF 15 at 2). Defendants face risk because of the factual issues regarding their pay and timekeeping records of Plaintiff. (ECF 15 at 2). Plaintiff faces risk

---

[1] The sums on page 2 of the settlement agreement indicate that Akin Law will receive $8,025, not $8,225. *See* ECF 15-2 at A.2 (two checks to Akin Law for $2,275 and $5,750).

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

because Defendants' time and pay records indicate a lower recovery, and with a settlement, he can obtain immediate recovery versus a delayed recovery or none at all. (ECF 15 at 2).

### c. Arm's Length Negotiation

The parties represent that the settlement was a product of an arm's-length, extended mediation session by a mediator assigned by the Southern District of New York's mediation program. (ECF 15 at 2). Parties' counsel are experienced in employment litigation. (ECF 15 at 4). There is no evidence to the contrary.

### d. Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff is no longer an employee of the Pharmacy, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer. (*See* ECF 15).

### e. Additional Factors

The release is a general mutual release, which is non-standard in this District. (ECF 15-1 at 3-5). Courts in this District have rejected such broad releases. *See, e.g.*, *Arango v. Scotts Co.*, No. 17-CV-7174 (KMK), 2019 WL 117466, at *4 (S.D.N.Y. Jan. 7, 2019) ("The case law is clear that 'any release provision must be limited to the claims at issue in this action'") (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)); *Heiloov. Fruitco Corp.*, No. 18-CV-1917 (JPO), 2019 WL 5485205, at *2 (S.D.N.Y. Oct. 25, 2019) ("The Court's 'obligation to police unequal bargaining power between employees and employers' points against the approval of this particular [general] release.'") (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

However, when the plaintiff is a former employee with no ongoing relationship with the

employer, courts in this District have approved a general release, if the release is mutual. *See, e.g.*, *Strauss v. Little Fish Corp.*, No. 19-CV-10158 (LJL), 2020 WL 4041511, at *5-6 (S.D.N.Y. July 17, 2020) ("Such a broad mutual general release operates as a walk away provision: it permits each side to terminate their relationship entirely free from fear that the other will re-engage in the form of a lawsuit.") (citing cases). Here, the general release is mutual, and given that release is solely between Plaintiff and Defendants, there is no danger of the settlement binding absent class members who had no power to negotiate the settlement.

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The attorneys' fees and costs award of $8,025 is reasonable, and represents approximately 35.6% of the total award.[3] Although there is not a proportionality requirement, attorney fees settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-

---

[3] Plaintiff is represented by Leopold Raic and Robert D. Salaman from Akin Law Group PPLC.

third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). In this case, Plaintiff's counsels' fees are reasonable. They began representing Plaintiff in March 2020 and the settlement agreement was negotiated in November 2020. In that period, counsel drafted and filed the complaint and participated in mediation. (ECF 15-2). The proposed amount of $8,025 is less than the total recorded fees and costs submitted by Plaintiff's counsel, which total $10,650.[4] (ECF 15 at 4).

The Court notes that the award of fees conflicts with Section H of the proposed settlement agreement, which states that the parties "are responsible for their own attorneys' fees and costs in connection with this matter." Accordingly, the Court strikes Section H.

---

[4] Plaintiff has submitted attorney time records. (ECF 15-2). The Court finds the $300 per hour rate charged by Mr. Raic and Mr. Salaman appropriate.

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement (ECF 15-1) as fair and reasonable and strikes Section H. The Clerk of Court is directed to close ECF 15. It is **HEREBY ORDERED** that the action is dismissed with prejudice without costs.

**SO ORDERED.**

Dated: January 8, 2021　　　　　　　　　　　　　　　_s/ Ona T. Wang_
　　　New York, New York　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge